**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 28 2013, 5:50 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LAURA M. TAYLOR**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CHARLES SETTLES,                    )
                                    )
    Appellant-Defendant,        )
                                    )
        vs.              )    No. 49A05-1302-CR-77
                                    )
STATE OF INDIANA,                   )
                                    )
    Appellee-Plaintiff.         )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Grant Hawkins, Judge
Cause No. 49G05-1201-FB-2555

**August 28, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Charles Settles appeals his conviction for Class C felony burglary arguing that the evidence is insufficient to support it. Because the evidence shows that Settles broke and entered a building with the intent to commit theft, we conclude that the evidence is sufficient and therefore affirm.

**Facts and Procedural History**

In the early morning on January 1, 2012, Charles Settles and a friend drove around and found what appeared to be an abandoned house at 2036 Rosedale Drive in Indianapolis. Settles chose the house on Rosedale Drive because it looked empty and he thought it would be a good place to continue partying. Settles and his friend kicked out a wooden panel on the front door, broke the glass on the storm door behind it, and entered the house. Settles noticed tools were scattered everywhere.

The house belonged to Deborah Speziale. Her boyfriend, Terry Konstantinidis, had been renovating the house for the last three months. Deborah stayed in the house overnight approximately three or four times per week and visited the house every day. She received mail there, and her utilities, including water, gas, and electricity, were on.

Meanwhile, Charles Dougherty, Deborah's neighbor, was awakened by his dog's barking. Dougherty walked outside and noticed a car he did not recognize parked in front of his house. He then looked in the direction of Deborah's house and noticed a light was on and saw a shadow pass in front of the light. Dougherty walked to the front of the house and saw that the front door had been broken. He opened the front door and yelled "police." Tr. p. 16, 136. Upon hearing Dougherty, Settles and his friend jumped through

2

the back window, breaking it, to escape. Dougherty called 911. When the police arrived, Dougherty told Indianapolis Metropolitan Police Department Officer Gregg Bowles that he saw two individuals in the back of the house run toward the creek. After Settles fled, Dougherty noticed that Terry's tools were stacked by the front door. Officer Bowles entered the house and noticed that "there was a large bag of tools stacked up near the front door area . . . ." *Id.* at 47.

Officer Christopher Taylor drove around the block and found Settles on a nearby street next to the creek. Settles was covered in mud and had "fresh cut marks" on his fingers and hands. *Id.* at 54, 68, 82. Officer Taylor escorted Settles back to Deborah's house where other officers were searching the house and Settles' car.

Subsequently, Deborah and Terry arrived at the house. They noticed that the front door and back window had been damaged, but that nothing was missing. However, the tools were not in the same places Terry had left them the previous night. Terry had left his tools "everywhere in the house" and "in that kitchen area where we were working." *Id.* at 115, 119. Instead, the tools were stacked on the right side of the front door.

The State charged Settles with burglary as a Class B felony because the house was Deborah's dwelling. Appellant's App. p. 25. A bench trial was held. At the conclusion of the State's case-in-chief, Settles moved for judgment on the evidence, arguing that the State did not prove that Deborah's house was a dwelling or that Settles had the requisite intent to commit the underlying felony of theft. Tr. p. 125. The trial court denied the motion, but reduced the charge to Class C felony burglary because the court was not satisfied that Deborah used her house as a dwelling. *Id.* at 130. During the defense's

3

case, Settles testified in his own defense that he did not intend to burglarize Deborah's house, stating that he broke into the house in order to "finish drinking and then have some sex." *Id.* at 137. Following the trial, the court found Settles guilty of Class C felony burglary. *Id.* at 144. The trial court sentenced him to two years, all suspended to probation. *Id.* at 163. The trial court also ordered Settles to pay Deborah $1000 at a rate of $100 per month. *Id.* at 164.

Settles now appeals.

### Discussion and Decision

Settles contends that that the evidence is insufficient to support his conviction for Class C felony burglary. When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor determine the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We look solely to the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom. *Id.* A conviction will be affirmed if the probative evidence and reasonable inferences to be drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

Class C felony burglary is the breaking and entering of the building or structure of another with the intent to commit a specific felony therein. Ind. Code § 35-43-2-1(1). Settles admits that he broke and entered into Deborah's house, Appellant's Br. p. 4, but argues that the State failed to produce any evidence that would support the inference that he broke and entered with the intent to commit theft inside Deborah's house.

4

The "intent to commit a specific felony at the time of the breaking and entering may be inferred from the circumstances." *Baker v. State*, 968 N.E.2d 227, 229-30 (Ind. 2012) (internal quotations omitted). The evidence showing the intent to commit a felony "need not be insurmountable, but there must be a specific fact that provides a solid basis to support a reasonable inference that the defendant had the specific intent to commit a felony." *Id.* at 230 (internal quotations omitted). The evidentiary inference of intent must be distinct and separate from the evidentiary inference supporting a breaking and entering. *Id.*

The evidence most favorable to the conviction shows that Settles broke into Deborah's home and stacked Terry's power tools near the front door. This evidence, alone, allowed the court to make a reasonable inference of Settles' felonious intent at the time he entered Deborah's house. Settles even admitted that the tools were scattered throughout the house when he entered. Tr. p. 139. The stacking of the tools next to the front door permits a reasonable inference that the person stacking them was gathering them in order to steal them. Thus, the evidence is sufficient to prove that Settles broke and entered Deborah's house with intent to commit theft. *See Baker*, 968 N.E.2d at 231 (stating that evidence that the defendant had been in the church kitchen and opened several cupboards and drawers while there permitted a reasonable inference of his felonious intent at the time of entry). We therefore affirm Settles' conviction for Class C felony burglary.

Affirmed.

BAKER, J., and FRIEDLANDER, J., concur.